IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MITSUBISHI MOTORS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARDS AUTO PLAZA, INC. d/b/a EDWARDS MITSUBISHI, <br><br> Defendant. | Civil No. 1:25-cv-00024-SHL-SBJ <br><br> **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO MITSUBISHI MOTORS NORTH AMERICA'S COMPLAINT** |

**Comes now** Defendant, Edwards Auto Plaza, Inc. ("Edwards"), and submits its Answer and Affirmative Defenses to the Complaint of Plaintiff, Mitsubishi Motors North America ("MMNA"), as follows. Any allegations not expressly admitted by Edwards are denied.

## NATURE OF ACTION

1. The allegations of Paragraph 1 are denied.

2. The allegations of Paragraph 2 are admitted to the extent that the parties entered into a Dealer Sales and Service Agreement ("DSSA"). Edwards denies the other allegations in Paragraph 2, states that the DSSA, to the extent not overridden by Iowa law, speaks for itself, and denies any allegations that misstate the substance of the DSSA's provisions.

3. The allegations of Paragraph 3 are denied.

4. Paragraph 4 contains no allegations and therefore requires no response. To the extent a response is deemed required, the assertions made in Paragraph 4 are denied.

5. Paragraph 5 contains no allegations and therefore requires no response. To the extent a response is deemed required, the assertions made in Paragraph 5 are denied.

## JURISDICTION AND VENUE

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted to the extent that personal jurisdiction exists. and Edwards denies the other allegations in Paragraph 7.

8. The allegations of Paragraph 8 are admitted.

## PARTIES

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

## FACTS

### MMNA'S Alleged Trademark Rights

11. The allegations of Paragraph 11 are denied.

12. Edwards has insufficient information to admit or deny the allegations in Paragraph 12 and therefore denies the same.

13. Edwards has insufficient information to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14. Edwards has insufficient information to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15. Edwards has insufficient information to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16. Edwards has insufficient information to admit or deny the allegations in Paragraph 16 and therefore denies the same.

17. Edwards has insufficient information to admit or deny the allegations in Paragraph 17 and therefore denies the same.

### The Dealer Agreement

18. In response to Paragraph 18, Edwards admits it has been a Mitsubishi dealer for approximately 14 years. Edwards denies the other allegations in Paragraph 18.

19. In response to Paragraph 19, Edwards states the DSSAs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSAs' provisions.

20. In response to Paragraph 20, Edwards states the DSSAs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSAs' provisions.

21. In response to Paragraph 21, Edwards states the DSSA, to the extent not overridden by Iowa law, speaks for itself, and Edwards denies any allegations that misstate the substance of the DSSA's provisions.

22. In response to Paragraph 22, Edwards states that the DSSA and Dealer Development Plan ("DDP"), to the extent not overwritten by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA's or DDP's provisions.

23. In response to Paragraph 23, Edwards states the DSSA Standard Provisions ("SPs"), to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions.

24. In response to Paragraph 24, Edwards states the DSSA SPs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions.

25. In response to Paragraph 25, Edwards states the DSSA SPs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions.

26. In response to Paragraph 26, Edwards states the DSSA SPs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions.

27. In response to Paragraph 27, Edwards states the DSSA SPs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions.

28. In response to Paragraph 28, Edwards states the DSSA SPs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions.

29. Paragraph 29 constitutes a legal conclusion and requires no response. To the extent a response is deemed required, the allegations of Paragraph 29 are denied.

30. Paragraph 30 constitutes a legal conclusion and requires no response. To the extent a response is deemed required, the allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

### MMNA's Visual Identity ("VI") Program

32. In response to Paragraph 32, Edwards states the DSSA, to the extent not overridden by Iowa law, speaks for itself, and Edwards denies any allegations that misstate the substance of the DSSA's provisions.

33. Edwards has insufficient information to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34. Edwards has insufficient information to admit or deny the allegations in Paragraph 34 and therefore denies the same.

35. In response to Paragraph 35, Edwards states the DSSA, to the extent not overridden by Iowa law, speaks for itself, and Edwards denies any allegations that misstate the substance of the DSSA's provisions. Edwards has insufficient information to admit or deny the remaining allegations in Paragraph 35 and therefore denies the same.

36. In response to Paragraph 36, Edwards states that the referenced documents speak for themselves. Edwards denies any allegations that misstate the documents' substance.

37. In response to Paragraph 37, Edwards states that the referenced documents speak for themselves. Edwards denies any allegations that misstate the documents' substance.

38. The allegations of Paragraph 38 are denied.

### Dealer's Alleged Failure to Comply with VI Program Requirements

39. Edwards admits it has been and is an MMNA dealer. Edwards denies the other allegations in Paragraph 39.

40. The allegations of Paragraph 40 are denied except to the extent that Edwads is an MMNA dealer, which is admitted.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

44. In response to Paragraph 44, Edwards states that the referenced document speaks for itself. Edwards denies any allegations that misstate the document's substance.

45. In response to Paragraph 45, Edwards states that the referenced document speaks for itself. Edwards denies any allegations that misstate the document's substance.

46. The allegations of Paragraph 46 are denied.

47. The allegations of Paragraph 47 are denied.

48. The allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 are denied.

50. The allegations of Paragraph 50 are denied.

51. In response to Paragraph 51, Edwards states the DSSA SPs, to the extent not overridden by Iowa law, speak for themselves, and Edwards denies any allegations that misstate the substance of the DSSA SPs' provisions. Edwards denies the other allegations in Paragraph 51.

### MMNA's Alleged Attempts to Avoid Judicial Intervention

52. In response to Paragraph 52, Edwards states that the referenced document speaks for itself. Edwards denies any allegations that misstate the document's substance.

53. In response to Paragraph 53, Edwards states that the referenced document speaks for itself. Edwards denies any allegations that misstate the document's substance.

54. In response to Paragraph 54, Edwards states that the referenced document speaks for itself. Edwards denies any allegations that misstate the document's substance.

### Alleged Impairment of Mitsubishi Brand Identity and Marks

55. In response to Paragraph 55, Edwards admits it has operated a KIA dealership at 1029 32nd Ave. in Council Bluffs, Iowa.  Edwards denies the other allegations in Paragraph 55.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. In response to the Paragraph 58, Edwards states that the referenced advertising speaks for itself. Edwards denies any allegations that misstate the advertising's substance.

59. The allegations of Paragraph 59 are denied.

60. In response to Paragraph 60, Edwards admits that on any vehicle lot, consumers are exposed to numerous brands, sometimes including new and used vehicles. Edwards denies the other allegations in Paragraph 60.

61. In response to Paragraph 61, Edwards states that the referenced alleged "complaints" speak for themselves. Edwards denies any allegations that misstate the alleged "complaints" substance.

62. The allegations of Paragraph 62 are denied.

63. The allegations of Paragraph 63 are denied.

### Dealer's Alleged Refusal to Cooperate with MMNA

64. In response to Paragraph 64, Edwards states that the referenced letter speaks for itself. Edwards denies any allegations that misstate the letter's substance.

65. The allegations of Paragraph 65 are denied because MMNA refused to engage in discussions with Edwards about these matters.

### Dealer's Alleged  Continued, Alleged Willful Noncompliance

66. Paragraph 66 is admitted to the extent that MMNA declined to enter into discussions with Edwards with respect to VI Program modifications. Edwards denies the other allegations in Paragraph 66.

67. In response to Paragraph 67, Edwards states that the referenced documents speak for themselves. Edwards denies any allegations that misstate the documents' substance. Edwards affirmatively states that MMNA has subsequently declined to engage in open discussions with Edwards with respect to facilities and the VI Program.

68. The allegations of Paragraph 68 are denied.

69. The allegations of Paragraph 69 are denied.

70. The allegations of Paragraph 70 are denied.

71. The allegations of Paragraph 71 are denied.

72. The allegations of Paragraph 72 are denied.

**MMNA's Application Seeking Permission to Terminate the Dealer Agreement**

73. The allegations of Paragraph 73 are denied. Edwards affirmatively states that, under Iowa law, the franchise remains in effect regardless of what actions MMNA attempts to take with respect to the DSSA.

74. Paragraph 74 constitutes a legal conclusion and requires no response. To the extent a response is deemed required, the allegations of Paragraph 74 are denied.

75. In response to Paragraph 65, Edwards states that the referenced application speaks for itself. Edwards denies any allegations that misstate the application's substance.

76. In response to Paragraph 76, Edwards states that the referenced answer speaks for itself. Edwards denies any allegations that misstate the answer's substance.

77. Paragraph 77 contains no allegations and therefore requires no response. To the extent a response is deemed required, the assertions made in Paragraph 77 are denied.

**COUNT I-Breach of Contract**

78. In response Paragraph 78, Edwards repeats and reasserts its responses to the preceding paragraphs of this Answer as if fully set forth herein.

79. In response to Paragraph 79, Edwards admits it is a party to the DSSA. Edwards states that the other assertions in Paragraph 79 constitute a legal conclusion to which no response is required. To the extent a response is deemed required, the other assertions in Paragraph 79 are denied.

80. The allegations of Paragraph 80 are denied.

81. The allegations of Paragraph 81 are denied.

82. The allegations of Paragraph 82 are denied.

83. Paragraph 83 contains no allegations and therefore requires no response. To the extent a response is deemed required, the assertions made in Paragraph 83 are denied.

### COUNT II-Unfair Competition/False Association
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

84. In response Paragraph 84, Edwards repeats and reasserts its responses to the preceding paragraphs of this Answer as if fully set forth herein.

85. The allegations of Paragraph 85 are denied.

86. The allegations of Paragraph 86 are denied.

87. The allegations of Paragraph 87 are denied.

88. The allegations of Paragraph 88 are denied.

89. The allegations of Paragraph 89 are denied.

90. The allegations of Paragraph 90 are denied.

91. The allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are denied.

93. The allegations of Paragraph 93 are denied.

### COUNT III-False Advertising
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

94. In response Paragraph 94, Edwards repeats and reasserts its responses to the preceding paragraphs of this Answer as if fully set forth herein.

95. The allegations of Paragraph 95 are denied.

96. The allegations of Paragraph 96 are denied.

97. The allegations of Paragraph 97 are denied.

98. The allegations of Paragraph 98 are denied.

99. The allegations of Paragraph 99 are denied.

100. The allegations of Paragraph 100 are denied.

## COUNT IV-Declaratory Relief

101. In response to Paragraph 101, Edwards repeats and reasserts its responses to the preceding paragraphs of this Answer as if fully set forth herein.

102. In response to Paragraph 102, Edwards admits there is a dispute between the parties. Edwards denies the other allegations in Paragraph 102.

103. In response to Paragraph 103, Edwards states that the referenced correspondence speaks for itself. Edwards denies any allegations that misstate the correspondence's substance.

104. The allegations of Paragraph 104 are denied.

## COUNT V-Common Law Unfair Competition

105. In response to Paragraph 105, Edwards repeats and reasserts its responses to the preceding paragraphs of this Answer as if fully set forth herein.

106. The allegations of paragraph 106 are denied.

107. The allegations of Paragraph 107 are denied.

108. The allegations of Paragraph 108 are denied.

109. The allegations of Paragraph 109 are denied.

110. The allegations of paragraph 110 are denied.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant alleges and states as follows:

1. MMNA's claims fail, in whole or in part, because MMNA has failed to state a claim upon which relief may be granted.

2. MMNA's claims are barred, in whole or in part, by MMNA's own prior, material breach of contract.

3. MMNA's claims for equitable relief fail due to the existence of an adequate remedy at law.

4. MMNA's claims are barred, in whole or in part, due to MMNA's failure to mitigate its alleged damages.

5. MMNA's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. MMNA's claims are barred, in whole or in part, because Iowa law voids certain relevant contractual provisions on which MMNA bases such claims.

7. MMNA's claims are barred, in whole or in part, because there is no likelihood of, nor any actual, customer confusion.

8. MMNA's claims are barred, in whole or in part, by the doctrine of waiver.

9. MMNA's claims are barred, in whole or in part, by the doctrine of laches.

10. MMNA's claims are barred, in whole or in part, by the doctrine of estoppel.

11. MMNA's claims are barred, in whole or in part, by the doctrine of acquiescence.

12. MMNA's claims are barred, in whole or in part, by the doctrine of consent.

13. MMNA's claims are barred, in whole or in part, by the doctrine of ratification.

14. MMNA's claims are barred, in whole or in part, due to MMNA's failure to satisfy conditions precedent to demanding performance.

15. MMNA's claims are barred, in whole or in part, because MMNA has accepted and retained, without objection, benefits resulting from the very condition of which MMNA complains.

16. MMNA's claims are barred, in whole or in part, because any award of damages for MMNA's claims would unjustly enrich MMNA.

17. MMNA's claims are barred, in whole or in part, because MMNA's alleged damages were caused by MMNA's own conduct or the conduct of a third party outside of Edwards' control.

18. MMNA's claims fail because MMNA failed to join a necessary or indispensable party.

19. MMNA's claims fail because MMNA does not have standing to pursue its claims.

20. MMNA's claims fail because MMNA is not the real party in interest.

21. MMNA's claims fail because it did not receive assignment of rights necessary to assert such claims.

22. MMNA's claims fail under the doctrine of fair use.

23. MMNA's claims fail due to the invalidity of the mark or marks or invalidity of the registration of the same.

24. MMNA's claims fail due to MMNA's own misuse of its mark or marks.

25. MMNA's claims fail under the genuine goods rule.

26. MMNA's actions or attempted actions with respect to its mark or marks are barred, in whole or in part, by the First Amendment of the Federal Constitution.

27. MMNA's claims fail under the doctrine of parady.

28. Edwards gives notice that it intends to rely upon any and all other defenses as may become available or apparent during the course of discovery, and it reserves the right to amend its Answer to assert any and all such defenses.

| | |
|---|---|
| Dated: December 12, 2025 | **ARENSON LAW GROUP PC**<br>/s/ James H. Arenson<br>James H. Arenson (AT0000549)<br>James W. Radig (AT0006445)<br>John W. Hofmeyer IV (AT0011479)<br>Arenson Law Group PC<br>jarenson@arensonlaw.com<br>jradig@arensonlaw.com<br>jhofmeyer@arensonlaw.com<br>425 Second Street S.E., Suite 900<br>Cedar Rapids, IA 52401<br>Phone: (319) 363-8199<br>Fax: (319) 363-8448<br><br>**THOM ELLINGSON, PLLP**<br><br>/s/ Aaron R. Thom<br>Aaron R. Thom (#0392646)<br>Thom Ellingson, PLLP<br>athom@thomellingson.com<br>Thom Ellingson, PLLP<br>825 Nicollet Mall, Suite 950<br>Minneapolis, MN 55402<br>Phone: (612) 286-0505<br>Fax: (612) 601-8955<br><br>*Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 12, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        /s/ John W. Hofmeyer IV
                                        John W. Hofmeyer IV